UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LENORA BROMFIELD,<br>    *Appellant-Debtor*,<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION *et al.*,<br>    *Appellees-Creditors.* | No. 3:18-cv-00249 (JAM) |

**ORDER AFFIRMING DECISION OF BANKRUPTCY COURT**

Appellant-debtor Lenora Bromfield has filed a *pro se* appeal from an order of the United States Bankruptcy Court, *see* Doc. #9 to *Bromfield v. U.S. Bank, N.A.*, No. 17-05036 (Bankr. D. Conn. 2018) (Manning, C.J.), dismissing her adversary proceeding against several creditors seeking to foreclose on her home in state court. Doc. #1; Doc. #1-1; *see also* Doc. #18 at 6 (explaining state court proceedings). For the reasons stated herein, I will affirm the Bankruptcy Court's order.

**BACKGROUND**

Lenora Bromfield took out a mortgage on her home in Bridgeport, Connecticut, in early 2008. Doc. #18-1 at 2–13. Since that time, the mortgage has been assigned among various lenders, *id.* at 14–18, but importantly for this appeal, became subject to foreclosure proceedings in Connecticut Superior Court in 2012, *id.* at 19. The Superior Court entered a judgment of foreclosure in 2015, *id.* at 24, and after several extensions of the law day in state court,[1] *id.* at 21–22, 64–67, Bromfield filed a Chapter 13 bankruptcy petition in the United States Bankruptcy

---

[1] In Connecticut, the "law day" is the date after which a mortgagor loses the ability to redeem a mortgage should the mortgagor fail to satisfy the debt by that date. *See JP Morgan Chase Bank v. Gianopoulos*, 30 A.3d 697, 701 (Conn. App. 2011).

Court on April 24, 2017. *See* Doc. #1 to *In re Bromfield*, No. 17-50451 (Bankr. D. Conn. 2017). After filing this first case, Bromfield then filed a second adversary proceeding against Appellees in the same court on November 17, 2017. *See* Doc. #1 to *Bromfield v. U.S. Bank, N.A.*, 17-05036 (Bankr. D. Conn. 2017).

Events primarily continued to transpire in the Chapter 13 proceeding. On December 12, 2017, the Trustee moved to dismiss the Chapter 13 case on the ground that Bromfield had filed for bankruptcy in bad faith. Doc. #48 to *In re Bromfield*, No. 17-50451 (Bankr. D. Conn. 2017). Bromfield opposed the motion, Doc. #61 to *id.*, and then in January of 2018 filed another motion, Doc. #63 to *id.*, that claimed to be an "*In Camera* Mandatory Judicial Notice of Law" and asserted that the claims against Bromfield and her bankruptcy estate were "eligible for set-off or exoneration pursuant to Legal Subrogation," Doc. #11 at 7.

The Bankruptcy Court construed this as a motion to file under seal, which it granted. Doc. #64 to *In re Bromfield*, No. 17-50451 (Bankr. D. Conn. 2018). Later that month, the Bankruptcy Court granted the Trustee's motion to dismiss, and in doing so instructed the Clerk of Court to close "any pending adversary proceedings." Doc. #66 to *id.* The Bankruptcy Court then entered an order dismissing the adversary proceeding on January 25, 2018, Doc. #9 to *Bromfield v. U.S. Bank, N.A.*, No. 17-05036 (Bankr. D. Conn. 2018), from which Bromfield appealed, Doc. #1.

On appeal, Bromfield initially raised numerous issues in the statement she filed alongside her designation of the record. Doc. #10 at 2–5 (¶¶ 4–22). Bromfield's briefing, however, appears to focus principally on the Bankruptcy Court's decision to grant what it took to be Bromfield's motion to seal and not to take up any issue of subrogation. *See* Doc. #16 at 1–2, 4–6; Doc. #19 at 3–4.

## DISCUSSION

A district court has appellate jurisdiction over a final judgment or order of a bankruptcy court. *See* 28 U.S.C. § 158(a)(1). The standards governing the Court's exercise of that jurisdiction are well-established. The Court reviews the Bankruptcy Court's findings of fact for clear error and legal conclusions *de novo*. *In re Lehman Bros. Holdings Inc.*, 594 B.R. 564, 567 (S.D.N.Y. 2018). The Bankruptcy Court's decision whether to retain jurisdiction over an adversary proceeding after termination of the underlying Chapter 13 proceeding is reviewed for abuse of discretion. *See Jamaica Shipping Co. Ltd. v. Orient Shipping Rotterdam, B.V.* (*In re Millenium Seacarriers, Inc.*), 458 F.3d 92, 95–96 (2d Cir. 2006) (*per curiam*). Even if the Bankruptcy Court did err on any of those standards, "harmless error, meaning an error not inconsistent with substantial justice or that does not affect the parties' substantial rights, is not grounds for reversal." *McNerney v. ResCap Borrower Cls. Tr.* (*In re Residential Capital, LLC*), 563 B.R. 477, 485 (S.D.N.Y. 2016).

A somewhat closer question is the scope of this Court's jurisdiction. Federal Rule of Bankruptcy Procedure 8003(a)(3)(B) requires that the notice of appeal "be accompanied by the judgment, order, or decree or the part of it, being appealed." Bromfield's notice of appeal only designates the Bankruptcy Court's order dismissing the adversary proceeding. Doc. #1 at 1; Doc. #1-1 at 1. However, *pro se* appeals should be read liberally, and "in the absence of prejudice to an appellee," courts "read a *pro se* appellant's appeal from an order closing the case as constituting an appeal from all prior orders." *Elliott v. City of Hartford*, 823 F.3d 170, 173 (2d Cir. 2016) (*per curiam*). The Bankruptcy Court's order dismissing the adversary proceeding referenced and relied on the order of dismissal in the Chapter 13 proceeding, *see* Doc. #9 to *Bromfield v. U.S. Bank, N.A.*, No. 17-05036 (Bankr. D. Conn. 2018) (citing Doc. #66 to *In re*

*Bromfield*, No. 17-50451 (Bankr. D. Conn. 2018)). Given Bromfield's clear intent to seek review of the Bankruptcy Court's orders in the Chapter 13 proceeding, Bromfield's apparent confusion about bankruptcy procedure as found by the Bankruptcy Court, *see* Doc. #64 to *In re Bromfield*, No. 17-50451 (Bankr. D. Conn. 2018), and Appellees' ability to brief the relevant issues in the Chapter 13 proceeding, *see* Doc. #18 at 9–10, I conclude that Bromfield has properly noticed an appeal from the Chapter 13 proceeding over which the Court may exercise jurisdiction. *See also Pu v. Grubin* (*In re Food Mgmt. Grp., LLC*), 484 B.R. 574, 580–81 (S.D.N.Y. 2012) (construing notice of appeal in main bankruptcy case to apply to adversary proceeding).

Still, I will affirm the order of the Bankruptcy Court. The Bankruptcy Court dismissed the Chapter 13 proceeding because it found that Bromfield had filed for bankruptcy as a bad-faith attempt to delay the foreclosure proceedings on her home in state court. *See* Doc. #66 to *In re Bromfield*, No. 17-50451 (Bankr. D. Conn. 2018). This is a finding of fact subject to review for clear error. *See Casse v. Key Bank N.A.* (*In re Casse*), 198 F.3d 327, 332–33 (2d Cir. 1999). Because Bromfield filed her Chapter 13 petition just one day before she would lose the right of redemption on her mortgage, *see* Doc. #18-1 at 67 (state court order extending Law Day to April 25, 2017), I am not "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). The Bankruptcy Court had adequate grounds to dismiss the Chapter 13 proceeding, and any error the Bankruptcy Court might have made in considering what it interpreted as Bromfield's motion to seal would not have affected her substantial rights and therefore would have been harmless. *See McNerny*, 563 B.R. at 485.

The remaining issue then is whether the Bankruptcy Court erred when it dismissed the adversary proceeding. *See* Doc. #9 to *Bromfield v. U.S. Bank, N.A.*, No. 17-05036 (Bankr. D.

Conn. 2018). As a general rule, related cases like adversary proceedings should ordinarily be dismissed alongside an underlying bankruptcy case. *See Jamaica Shipping*, 458 F.3d at 95–96. Four factors govern whether a court's decision to dismiss or retain jurisdiction over a related case constitutes an abuse of discretion: "judicial economy, convenience to the parties, fairness, and comity." *Porges v. Gruntal & Co., Inc.* (*In re Porges*), 44 F.3d 159, 163 (2d Cir. 1995). A court does not need to consider these factors explicitly, *see Jamaica Shipping*, 458 F.3d at 96, and I agree that the Bankruptcy Court did not abuse its discretion in dismissing the adversary proceeding for substantially the unchallenged reasons proffered by Appellees—namely, that the adversary proceeding was redundant to state court proceedings and maintaining it would harm the interests of judicial economy; that both the adversary and state court proceedings were equally convenient because they were being heard in Bridgeport; that there was nothing to indicate an unfair result would ensue from dismissal of the adversary proceeding; and that the foreclosure underlying the dispute among the parties was an issue of Connecticut law for which comity would be best served by deferring to Connecticut's courts. *See* Doc. #18 at 12–13. I therefore conclude that the Bankruptcy Court did not abuse its discretion in declining to retain jurisdiction over the adversary proceeding, and so will affirm its dismissal of the case.

## CONCLUSION

For the reasons set forth above, the order of the Bankruptcy Court is AFFIRMED. The Clerk shall close the case.

It is so ordered.

Dated at New Haven this 4th day of March 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge